## NELMS v. THE STATE OF GEORGIA.

1. After verdict of guilty of bigamy, it was no cause for arrest of judgment that the indictment charged that the defendant's lawful wife was "one —— Nelms," whose name was not known to the grand jurors. Testimony showing her true name was admissible.

2. A married man whose wife is living commits bigamy by marrying another woman, whether he cohabit with her or not, and though he be arrested immediately after the performance of the marriage ceremony. *Consensus non concubitus facit nuptias.*
February 24, 1890.

Bigamy.    Criminal law.    Indictment.    Evidence. Before Judge John T. Clarke.    Early superior court. April term, 1889.

Reported in the decision.

R. H. Powell, for plaintiff in error.

J. M. Griggs, solicitor-general, for the State.

Blandford, Justice.

The plaintiff in error was indicted for the offence of bigamy, and found guilty. He moved to arrest the judgment upon the ground that the bill of indictment charged that he intermarried with one Mattie E. Gurr, he then having a lawful wife living, to wit, "———— Nelms," whose given name was not known to the grand jurors. The court overruled this motion, and he excepted. He also objected to the testimony showing the true name of the woman whom he formerly married. The court overruled this objection, and he excepted. He asked for a new trial upon the ground of error in the ruling of the court as before stated, and upon the further ground that the evidence did not show that after his second marriage he ever cohabited with the person to whom he was married. The court overruled this motion for a new trial, and he excepted to that.

1. We do not think there is anything in any of the grounds of exception taken by the plaintiff in error. In the case of the Commonwealth *v.* Stoddard, 9 Allen, 280, it was held by the Supreme Court of Massachusetts that "If the name of a person injured is unknown to the grand jury, it may be so alleged in the indictment, although they might by reasonable pains have

ascertained the name." In the case of the State v. Wilson, 30 Conn. 507, it was held by the Supreme Court of that State: "That which, from the nature of the case, cannot be alleged, need not be; and it is of frequent occurrence that the name of the person injured is unknown. Justice must not fail, nor the community go unprotected, for such cause. If the name is unknown, and it is so averred, it need not be proved"; but if "it appears on the trial that the name was in fact known, it is held that he is entitled to acquittal. Arch. Cr. Pl. 33." In the case of the Commonwealth v. Sherman, 13 Allen, 248, it was held by the court that "If the name of a person whom it is necessary to refer to in a complaint is unknown to the complainant, it may be so alleged, although he might easily have ascertained the same. . . If the name of a third person which, if known, should be inserted in the indictment or complaint, is in fact unknown to the grand jury or the complainant, it may be so alleged; and the defendant is not thereby deprived of his protection against being twice tried for the same offence, for if indicted again, he may plead his acquittal or conviction upon the first indictment, and aver the person to be the same. 2 Hawk. c. 25, §71; 1 Stark. Crim. Pl. (2d ed.) 185–188." In this latter case the question here is discussed at great length. See also 38 Ala. 227. We are of the opinion that the court was right in overruling the motion for an arrest of judgment, and in overruling the objection to testimony showing the name of the person to whom the accused was first married.

2. The next point insisted upon by the accused is, that there was no evidence of any cohabitation by him with the person to whom he is alleged to have been married the second time. We think, under our code, that where a person has been once married, and whose wife is still living at the time he marries another

woman, this constitutes the crime of bigamy, although he may never have had any carnal knowledge of the second woman and may have been arrested immediately after the performance of the ceremony, the maxim being *consensus non concubitus facit nuptias.* It is the outrageous and villianous conduct of the defendant in marrying the second time which constitutes the crime, as was held by the Supreme Court of North Carolina in Patterson's case, 2 Ired. 355. "Marriage, or the relation of husband and wife, is in law complete when parties, able to contract and willing to contract, have actually contracted to be man and wife in the forms and with the solemnities required by law. . . It is this contract which gives to each right or power over the body of the other, and renders a consequent cohabitation lawful. And it is the abuse of this formal and solemn contract, by entering into it a second time when a former husband or wife is still living, which the law forbids because of its outrage upon public decency, its violation of the public economy, as well as its tendency to cheat one into a surrender of the person under the appearance of right. A man takes a wife lawfully when the contract is lawfully made. He takes a wife unlawfully when the contract is unlawfully made, and this unlawful contract the law punishes." To the same effect was it held in the case of Gise *v.* Commonwealth, 81 Pa. St. 428. This latter case cites with approval the case in 2 Iredell above quoted from, and we think this is the true law of this case; and the judgment is                   *Affirmed.*