VINSON v. VINSON.

Where a husband and wife were dependent upon their own labor for support, and she voluntarily and without cause abandoned and refused to live with him, and it affirmatively appeared that the husband was in debt and destitute of property or credit, and that unaided by her his earnings were small and not more than sufficient to obtain a bare living for himself, it was error to require him to pay the wife monthly a stated sum as alimony, and an additional sum for counsel fees incurred in her proceeding for such alimony.                                                 *Judgment reversed.*

June 11, 1894.    Argued at the last term.

Application for alimony. Before Judge SWEAT. Clinch superior court. October term, 1893.

The parties were married on August 29, 1891, and separated a year afterwards. In March, 1893, the wife brought her petition for temporary alimony and counsel fees. At the hearing in the next October, the judge ordered the husband to pay $8 per month beginning November 5, 1893, until otherwise ordered, for the use of the wife and her child, and to pay her counsel $25 as fees within ninety days. The testimony for the wife was, in brief, that on Thursday when they separated, her brother came to see her, and as he was leaving she told him to wait and she would go with him, as her husband wanted her to go to her mother's to make soap and come back Sunday. This was said in the presence of the husband, who said nothing. There was no difficulty nor any unpleasant words. She went with her brother, and on Saturday he was told by the husband to tell her that she had better send for her things, as he had moved his things away and left hers there. She went back to the house with her brother on Sunday, and found that the husband had done as he stated. He neither sent nor left any word where he was gone; and the wife returned with her brother to her father's house, where she has since been and where her child was born. The husband

has not come or sent for them, nor provided anything for them. He supported her all right when they were living together. With what she can do, it would take $10 a month to provide for her and the child.

The testimony for the husband showed, that she deserted him without cause on two occasions: once in June, again in August, 1892. He always provided for her well, better than he was able; and by extravagance she put him into debt $60. . Judgment also was rendered against him for $30 as the expenses of lying in. He makes only $15 a month, all of which is required for his support. He has no money or property, and cannot borrow any. He did not send her away, but begged her to stay. She went voluntarily, telling him she did not know whether she would return on Sunday or not, that she did not know when she was coming back. There was other testimony tending strongly to support the husband's side of the case, and making a showing as to the wife's conduct quite unfavorable to her. When the first separation occurred in June, he begged her to come back and finally succeeded in getting her to do so; but had made no effort to induce her to return since the last separation. He always treated her the best he could, and they never had any fuss. His employer corroborated him as to the amount of his earnings, and his indebtedness; and testified that he was hard-working, honest and truthful.

· B. A. WHITTINGTON, and BUSBEE & CRUM, by brief, for plaintiff in error.