## 6406.  ALLEN *v.* THE STATE.

One who, being married and knowing that in fact the lawful husband or wife is living, goes through the form of marriage with another person is guilty of bigamy, under the provisions of section 368 of the Penal Code. The mere fact that the person with whom one goes through the form of marriage has also at the time a living husband or wife will afford no defense.

DECIDED JANUARY 6, 1916.

Indictment for bigamy; from Fulton superior court—Judge B. H. Hill. February 6, 1915.

*Frank L. Haralson,* for plaintiff in error.

*Hugh M. Dorsey,* solicitor-general, *E. A. Stephens,* contra.

RUSSELL, C. J. Allen was charged with bigamy, in that, having a lawful wife, Mrs. A. M. Allen, he did intermarry with one Fanny Avery, knowing at the time he did so that Mrs. A. M. Allen was in life. There was sufficient evidence to support the facts alleged in the indictment, and, in fact, the defendant admitted all the facts alleged therein. The person with whom he entered into the second marriage, however, testified that at the time of her marriage with him she had a husband in life, then living in South Carolina, and from whom she was not divorced. Upon this testimony the whole groundwork of the defense is based, the contention being that the mere entering into a contract of marriage between two persons already married is not bigamy, under the laws of Georgia.

Exception is taken in the motion for a new trial to the following charge of the court: "If you find that he had a lawful wife living at the time, held her out as his wife, cohabited with her as his wife, and nevertheless he married this woman, Fanny Avery, in this county, it is wholly immaterial, so far as this offense is concerned, whether Fanny Avery was married or not, and you would be authorized to find him guilty." The ground of the exception is that, Fanny Avery being a married woman at the time of the alleged marriage between her and the defendant, it was not a marriage, because neither she nor the defendant was able to contract marriage. Exception is taken also to the refusal of the court to give certain instructions, the reverse of those quoted above.

Counsel for Allen bases his argument upon the contention that, under the evidence, neither of the parties was able to contract marriage, and that, without ability upon the part of either so to contract, "there could be no contract or consummation according to

law." The only authority cited by counsel for plaintiff in error on this point is sections 2930 and 2931 of the Civil Code, the first of which gives the essentials of a "valid marriage" in this State, and the other pointing out those who are legally able to contract marriage. Counsel, it seems to us, loses sight of the fact that these code sections deal solely with "valid marriages," and that if his contention be correct, there could never be, in Georgia, a conviction of bigamy. One can not be convicted for entering into a valid marriage. A marriage between one already married and one unmarried is not a valid marriage, because one of the parties labors under the disability of a "previous marriage undissolved," yet a married person who enters into the contract with one unmarried can be convicted legally of bigamy. We are unable to see a distinction between invalid marriages, whether entered into between one married and one unmarried, or between two persons both of whom are laboring under disability because of previous marriages undissolved. Before there can be bigamy, it is true, there must have been a prior legal contract of marriage; but the crime of bigamy is based entirely upon the proposition that the second or bigamous marriage is not and can not be legal. If it were a legal marriage, there could be no bigamy.

The code section under which Allen was convicted (Penal Code, § 368) reads as follows: "If any person being married shall marry another person, the lawful husband or wife being alive, and knowing that such lawful husband or wife is living, such person so offending shall be punished by confinement at labor in the penitentiary for not less than two years nor longer than four years, and the second marriage shall be void." (See amendment increasing punishment, Acts 1910, p. 61.) In the decision of this court in the case of *McBride* v. *Graeber*, 16 *Ga. App.* 245 (85 S. E. 86, 89), it was said, upon authority therein cited, that "It is now held by all the courts that the word 'marries,' when applied to a subsequent marriage, means going through a form of marriage." 4 Am. & Eng. Enc. L. (2d ed.) 39. "Bigamy is popularly described as the crime of having two wives or two husbands at the same time. To state the matter more accurately, it may be said that the crime of bigamy is committed by the act of marrying while the spouse by a former marriage is still alive and the former marriage is still in force." In the light of this decision, the language of the code sec-

tion quoted above, which says, "If any person being married shall marry another person," etc., is equivalent to a declaration that if any married person shall go through the form of marriage with another person, he shall be punished as prescribed by law. Bigamy, or polygamy, therefore consists in the making of the unlawful contract and the abuse of the formality which the law has enjoined as requisite to the creation of the marital relation. "And it is the abuse of this formal and solemn contract, by entering into it a second time when a former husband or wife is still living, which the law forbids because of its outrage upon public decency, its violation of the public economy, as well as its tendency to cheat one into a surrender of the person under the appearance of right. A man takes a wife lawfully when the contract is lawfully made. He takes a wife unlawfully when the contract is unlawfully made, and this unlawful contract the law punishes." Patterson v. State, 2 Ired. 355 (38 Am. D. 699). To the same effect is the ruling in Guise v. Commonwealth, 81 Pa. St. 428, which is cited with approval in Nelms v. State, 84 Ga. 466, 469 (10 S. E. 1087, 20 Am. St. R. 377).

The defendant admitted that Mrs. A. M. Allen, as alleged in the indictment, was his lawful wife. She was living and was present, and was pointed out in the court-room. He did not contend that he did not know that she was alive. He also admitted that he went through the form of marriage with Fanny Avery. A verdict of guilty, therefore, was demanded, and there was no error in overruling the motion for a new trial.          *Judgment affirmed.*