## PITTS *v.* THE STATE.

1. An indictment for bigamy, under the Penal Code, §§ 367 et seq., is barred by the lapse of four years from the date of the bigamous marriage, unless such offense or the offender is unknown, or unless such offender shall abscond from this State or so conceal himself that he can not be arrested, in which event the time during which he has been absent from the State or concealed shall not be computed or constitute any part of the aforesaid limitation.

2. It is marrying, or going through the form of marriage which the law has enjoined as requisite to the creation of the marital relation, by a person who has a husband or wife living, with knowledge of such fact, that constitutes the offense of bigamy under our statute; and the offense is completed upon the second marriage.   Subsequent cohabitation is not a necessary element in the offense; nor will subsequent cohabitation render it a continuing offense, so as to fix the time of cessation of the cohabitation as the point from which the statute of limitations will begin to run.

No. 811.   APRIL 11, 1918.

Question certified by Court of Appeals (Case No. 9440).

*W. A. James,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

GEORGE, J.   The Court of Appeals certified to the Supreme Court the following question: "Is bigamy, under the peculiar language of our statute (Penal Code 1910, § 367), a continuing offense so long as the person who has committed it continues 'in knowingly having a plurality of husbands or wives at the same time,' so that a prosecution therefor is not barred by the statute of limitations if it be commenced within four years of such 'having,' although not within four years of the second or unlawful marriage ceremony?"

1. "Indictments may be found and filed in the proper courts as follows:   1. For murder, at any time after the death of the person killed.   2. In all other cases where the punishment is death or perpetual imprisonment, within seven years next after the commission of the offense, and at no time thereafter.   3. In all other

felonies, within four years next after the commission, of the offense, and at no time thereafter." Penal Code (1910), § 30. Under section 368 of the Penal Code, as amended by the act of 1910 (Acts 1910, p. 61), "If any person being married shall marry another person, the lawful husband or wife being alive, and knowing that such lawful husband or wife is living, such person so offending shall be punished by confinement at labor in the penitentiary for not less than two years nor longer than ten years, and the second marriage shall be void." Under section 370 of the Penal Code, "If any unmarried man or woman shall knowingly marry the wife or husband of another, such man or woman shall be punished by imprisonment and labor in the penitentiary for not less than one year nor longer than three years." It follows that an indictment for the offense of bigamy may be filed within four years next after the commission of such offense, and at no time thereafter, unless the offender or offense is unknown, or unless the offender shall abscond from this State or so conceal himself that he can not be arrested, in which event the time during which he has been absent from the State or concealed shall not be computed or constitute any part of the limitation.

2. The Penal Code, § 367, defines polygamy or bigamy, "in knowingly having a plurality of husbands or wives at the same time." Under sections 368 and 370, supra, it is marrying, or going through the form of marriage which the law has enjoined as requisite to the creation of the marital relation, by a person who has a husband or wife living, with knowledge of such fact, that constitutes the offense of bigamy. The crime of bigamy is completed when any married person, knowing that the lawful husband or wife is still in life, takes unto himself or herself another husband or wife; or when any unmarried man or woman shall knowingly marry the husband or wife of another. Subsequent cohabitation does not enter into it, and does not make such offense a continuing one. *Nelms* v. *State,* 84 *Ga.* 466 (2), 467 (10 S. E. 1087, 20 Am. St. R. 377). Where it is a continuing offense, as in some jurisdictions, the statute begins to run only from the date of the cessation of cohabitation. State *v.* Sloan, 55 Iowa, 217 (7 N. W. 516). In many jurisdictions statutes make a continuance of cohabitation under the void and illegal second marriage a second offense, or, more accurately, a separate form of offense. In prose-

cutions, under such statutes the venue may be laid in the county where such cohabitation takes place; but not so in this State. With us the offense consists in the second marriage, and it, like any other criminal act, must transpire within the locality of the indictment; that is, the venue of the offense is the county in which the second void and illegal marriage ceremony is performed. Cohabitation between the parties to a bigamous marriage is an offense under the laws of this State, but an offense of a different character. In Patterson's case, 2 Ired. 355, the Supreme Court of North Carolina held: "Marriage, or the relation of husband and wife, is in law complete, when parties, able to contract and willing to contract, have actually contracted to be man and wife in the forms and with the solemnities required by law. . . And it is the abuse of this form and solemn contract, by entering into it a second time when a former husband or wife is still living, which the law forbids because of its outrage upon public decency, its violation of the public economy, as well as its tendency to cheat one into a surrender of the person under the appearance of right. A man takes a wife lawfully when the contract is lawfully made. He takes a wife unlawfully when the contract is unlawfully made, and this unlawful contract the law punishes." To the same effect it was held in the case of Gise v. Commonwealth, 81 Pa. St. 428. Both of the decisions referred to have been quoted approvingly by this court in Nelms v. State, supra. See Beggs v. State, 55 Ala. 108 (2); Scoggins v. State, 32 Ark. 205 (1, 2); Bishop on Statutory Crimes (3d ed.), §§ 586 et seq. The precise question here involved was fully considered in McBride v. Graeber, 16 Ga. App. 240, 244 (85 S. E. 86), where Wade, J., in effect reaches the conclusion here announced. See Allen v. State, 17 Ga. App. 431 (87 S. E. 681). The case of Dale v. State, 88 Ga. 552 (15 S. E. 287), is controlling upon the proposition that, in the absence of the exceptions noted in § 30 of the Penal Code, the statute of limitations begins to run on the completion of the second marriage, and the prosecution must be commenced within the statutory limit, or it will be barred.

*All the Justices concur, except Fish, C. J., absent.*