### MILLS *v.* MILLS.

1. Where in a petition for temporary alimony the wife alleged that she and her husband were living in a bona fide state of separation, it was competent afterward to amend the petition by alleging acts of cruel treatment tending to show that her absence from her husband's house and home was the result of misconduct on his part amounting to cruel treatment.

2. It does not appear from the evidence that the court abused his discretion in the amount awarded as temporary alimony and attorney's fees.

3. While there was no prayer for the custody of the children, under the evidence in this case it was not error for the court to award the custody of the children to the mother.

No. 2024.  DECEMBER 20, 1920.

Temporary alimony, etc. Before Judge Harrell. Grady superior court. March 9, 1920.

*S. P. Cain,* for plaintiff in error.

*Jeff A. Pope* and *Claude Christopher,* contra.

BECK, P. J. Mrs. Minnie Mills, alleging that she and the defendant, her husband, were living apart and in a bona fide state of separation, filed her petition praying that the defendant be required to pay her temporary alimony. It was alleged in the petition that the defendant wilfully deserted the plaintiff and

had continuously abandoned her since the time of the desertion; that this abandonment was without cause on her part; and that she had three children, the issue of the marriage with defendant, aged, respectively, six years, four years, and eighteen months, the children being in the custody of the plaintiff.

1. The court did not err in allowing the plaintiff to amend her petition by setting up acts of cruel treatment which would tend to show that she left the house in which her husband was living and went to her mother's house, and that this was because of acts of cruel treatment on the part of her husband. These alleged acts tend to explain her leaving her husband's home, and show that it was without fault on her part, and that she was forced to leave. Such allegations did not set up a new cause of action.

2. Upon the hearing of the case the judge awarded to the plaintiff the sum of $30 a month as temporary alimony and $50 as attorney's fees. There was evidence authorizing the judge to find that the defendant, at the time he was arrested in the State of Florida on the charge of abandoning his destitute children, was making $90 a month. He testified, that, being prevented by a writ of ne exeat from leaving this State, he could not make that amount, and was forced to work on a farm. What he was making there does not appear. While the amount allowed as temporary alimony is large for a man without property and whose only source of income is his manual labor, we can not say the judge's discretion was abused by the allowance of the amount awarded, as the defendant is in the enjoyment of young manhood, and there is nothing to show that he does not enjoy vigorous health.

3. While there was no prayer for the custody of the children, it was not error, under the evidence in this case, for the court to award the custody of the children to the mother.

*Judgment affirmed. All the Justices concur.*