## 12388.   HERRIN *v.* THE STATE.

Where a person who is married marries another person, the lawful husband or wife being alive, knowledge that such lawful husband or wife is alive is an essential element of the crime of bigamy, and must be charged in an indictment for bigamy, and where there is no such allegation in the indictment, no legal judgment can be entered thereon and it should be quashed on motion. Such a defect in an indictment would not be cured by verdict.

DECIDED JUNE 14, 1921.

Indictment for bigamy; from Atkinson superior court — Judge Dickerson. February 28, 1921.

*Levi O'Steen,* for plaintiff in error.

*J. D. Lovett, solicitor-general, W. T. Dickerson,* contra.

BLOODWORTH, J.  The indictment in this case charges Frank Herrin with bigamy, for that he "unlawfully and with force and arms, after having been legally married to Floy Darley, a female, did marry Ruby Clements, a female, without having been legally divorced from his first wife, to wit, Floy Darley Herren, and the said Floy Darley Herren now living, contrary to the laws of said State, the good order, peace, and dignity thereof." This indictment is based on § 368 of Park's Penal Code, which reads as follows: "If any person being married shall marry another per-

son, the lawful husband or wife being alive, and *knowing that such lawful husband or wife is living,* such person so offending shall be punished by confinement at labor in the penitentiary for not less than two years nor longer than ten years, and the second marriage shall be void." (Italics ours.) In *Pitts* v. *State,* 147 *Ga.* 801 (2), 22 *Ga. App.* 247 (2) (95 S. E. 706, 935), it was held: " It is marrying or going through the form of marriage which the law has enjoined as requisite to the creation of the marital relation, by a person who has a husband or wife living, *with knowledge of such fact* [italics ours], that constitutes the offense of bigamy under our statute; and the offense is completed upon the second marriage." In the opinion in that case Judge George said: " The Penal Code, § 367, defines polygamy or bigamy, ' in knowingly having a plurality of husbands or wives at the same time.' Under sections 368 and 370, supra, it is marrying, or going through the form of marriage which the law has enjoined as requisite to the creation of the marital relation, by a person who has a husband or wife living, *with knowledge of such fact,* that constitutes the offense of bigamy. The crime of bigamy is completed when any married person, *knowing that the lawful husband or wife is still in life,* takes unto himself or herself another husband or wife; or when any unmarried man or woman shall knowingly marry the husband or wife of another." (Italics ours.) See, in this connection, Penal Code (1910), § 369; *Murchison* v. *Green,* 128 *Ga.* 339 (2), 342 (57 S. E. 709, 11 L. R. A. (N. S.) 702) ; *Parnell* v. *State,* 126 *Ga.* 103 (54 S. E. 804) ; *Grand Lodge Knights of Pythias* v. *Barnard,* 9 *Ga. App.* 71 (2) (70 S. E. 678). It thus appears that an essential element of bigamy is for one of the parties to the marriage contract to marry again with knowledge that the other party is alive. This knowledge being an essential element of the crime, it must be alleged; and, it not having been alleged in the indictment in this case, the demurrer to the indictment should have been sustained, even though made at the second trial of the case, as " there can be no conviction for the commission of a crime an essential element of which is not charged in the indictment;" and where the indictment fails to allege an essential element of the crime charged, such defect will not be cured by verdict, and a motion in arrest of judgment will prevail. *O'Brien* v. *State,* 109 *Ga.* 52, 53 (35 S. E. 112), and cases cited.

As the indictment should have been quashed, all further proceedings were nugatory, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*