## SMITH *v.* SMITH.

1. It does not appear from the evidence that the court abused its discretion in the amount awarded to the wife for alimony and attorney's fees.

2. An agreement, to which the daughter assented, between the father and another, that, if the latter would marry the daughter, who was pregnant, he would not have to support the daughter, in pursuance of which he married the daughter, is contrary to public policy, and is illegal and void so far as the wife is concerned; and it will not be enforced against her to defeat her application for alimony and attorney's fees.

No. 3301. DECEMBER 16, 1922.

Temporary alimony, etc. Before Judge Tarver. Whitfield superior court. May 27, 1922.

Nan Smith, on May 23, 1922, filed a petition for temporary and permanent alimony, attorney's fees, and ne exeat, against her husband, Horace Smith. The parties were married on Feb. 18, 1922. The wife alleged that the husband had separated and was living apart from her without justification; that she is the mother of a girl child six weeks old; that since their marriage her husband has never been about her or contributed to the support of her or the child; that he is an able-bodied man and makes $2.25 a day when employed at the factory of the Duane Chair Company, part of which he should be made to pay in support of her and their child; that she has no money, income, or effects, and she and child are being supported by her parents at the latters' home; and that there is no action for divorce pending between her and her husband. In his answer the defendant admitted the marriage, and that the plaintiff was the mother of a child, but denied that he was the father. He denied that he was working for wages, but averred that at the time was trying to make a crop on his father's place. He further set up that at the time of his marriage with the plaintiff, her parents agreed to support her and the child when it was born, if he married her, to which plaintiff agreed.

The plaintiff testified, on the hearing, that she was married to defendant on the above date; that the child was born on April 6, 1922; that it is the child of defendant; that plaintiff has no property and is living with her father; that defendant is not working at the chair factory, but is living with his father; that she is 34 years old, and it would take $25 per month to support her and the child. She denied stating to defendant that she had a miscarriage

in June, 1921, and testified such a thing never occurred. She testified defendant has never lived with her or contributed to the support of her or the child, and that defendant worked at the chair factory until two weeks before the hearing.

In his own behalf the defendant testified, that he first began going with plaintiff a year and a half before the hearing; that on June 4, 1921, she told him she had a miscarriage; that the third and fourth nights of May, 1921, were the last times he had intercourse with her; that he has no property, that when he worked at the chair factory he made $2.02 a day; that board was worth $8 a week; that he boarded with his father, for whom he works; that he has no money; that he is 25 years old, that the child is not his child; that plaintiff went with Carl Bartenfield, Ernest Moody, and Fred Davis about this time; that the last time he was with plaintiff was on July 4, 1921, and plaintiff told him that that was the time the baby was begotten; that he could go back to work for the chair factory at any time; that he is stout and able-bodied; that he and plaintiff had been intimate for some time, and sometimes preventives were used; that he has never lived with plaintiff, and does not intend to, that attorney Mitchell advised him to marry plaintiff, and he did so to keep from being prosecuted; that he knew she claimed to be pregnant when he married her, and that she claimed the child was his. He further testified that plaintiff's father agreed with him, in plaintiff's presence, that if he would marry plaintiff, that would be the end of the affair, and defendant would not have to support plaintiff; to which plaintiff agreed.

The court awarded to plaintiff $20 per month as temporary alimony, payments to begin June 1, 1922, and $50 as attorney's fees, payable at the rate of $10 per month. To this judgment defendant excepted on the ground that it is contrary to law, and under the evidence is excessive and confiscatory.

*W. E. & W. G. Mann,* for plaintiff in error.

*George G. Glenn* and *J. C. Mitchell,* contra.

HINES, J. (After stating the foregoing facts.)

1. We can not say that the judge abused his discretion in awarding the wife $20 per month as temporary alimony and $50 as attorney's fees, the latter amount to be paid in monthly installments of $10 each. The husband is a strong and able-bodied young man; and he admitted that he could get employment at any time

by which he could earn practically $54 per month. For five months he would have to pay $30 to his wife for alimony and attorney's fees, leaving him $24 per month for his support. At the expiration of five monthly payments, he would only have to pay $20 per month to his wife, leaving him $34 per month for his support. It appears that board was worth $8 per week, but it was not shown that the defendant was actually paying that much board.

In their brief counsel for the defendant state that, after paying this alimony and fee, he will not have any money for tobacco. We appreciate the pleasures of this weed. By experience, the writer knows how hard it is to break oneself from its use. When a man enters into the bonds of matrimony, he puts a yoke upon his neck, which is often light and easy to be borne, but which is sometimes heavy and hard to be borne. One of the matrimonial burdens is the support of his wife and children by the husband; and when a conflict arises between the discharge of this duty and the use of tobacco, the latter must yield to the former. We can only hope that, by increase in earnings or a decrease in the cost of living, the defendant will not be deprived of his tobacco. It does not appear from the evidence that the court abused his discretion in the amount awarded as alimony and attorney's fees. *Crapps* v. *Crapps,* 148 *Ga.* 509 (97 S. E. 68) ; *Mills* v. *Mills,* 150 *Ga.* 782 (105 S. E. 357).

2. It is urged that the defendant married the plaintiff under a contract between the former and the father of the latter, to which the wife assented, by which it was agreed that if he would marry the plaintiff who was then pregnant, he would not be responsible for her support, but that she should continue to live with, and be supported by, her father. Such a contract is contrary to public policy, is illegal and void, and can not be enforced against the daughter to defeat her application for alimony and attorney's fees. Civil Code (1910), §§ 4251, 4253.

*Judgment affirmed. All the Justices concur.*