## WALKER *v.* WALKER.

No. 9556. October 11, 1933.

*John W. Bale,* for plaintiff in error.
*Whitaker & Whitaker* and *Maddox, Matthews & Owens,* contra.

HILL, J. Mrs. Ola Mae Price Walker brought a suit for total divorce on the ground of cruel treatment, and for temporary and permanent alimony and attorney's fees. On interlocutory hearing an answer to the rule nisi served upon the defendant was presented to the court by Mrs. H. W. Walker, mother and sole living parent of the defendant, alleging that he was of unsound mind prior to the alleged marriage, and was still of unsound mind and incapable of appearing in court, and praying that a guardian ad litem be appointed to represent him. To this answer counsel for the plaintiff objected, and the judge reserved his decision on the answer, and ordered that hearing on the question of temporary alimony and fees proceed. Evidence in support of the answer tended to show that the defendant was of unsound mind prior to the marriage and at the present time; that he was afflicted with melancholia and delusional insanity; that he had been placed in an invalid home for treatment over a period of several weeks; and that it would be un-

wise and unsafe for him to attend court. The evidence for the plaintiff tended to show that the defendant was not of unsound mind at the time of the marriage; and that he appeared to be a young man of normal mind and demeanor. The testimony of the plaintiff to that effect was objected to as incompetent under the Civil Code (1910), § 5858, par. 1. This objection was overruled. The evidence for the plaintiff further tended to show that the defendant was earning $60 per month, and that he owned an automobile and a house and lot. The defendant denied that he owned an automobile or other property.

The court ordered that the defendant pay to the plaintiff $15 a month temporary alimony and $40 attorney's fees. The defendant excepted to this order, and to the overruling of his objection to the testimony of the wife.

The testimony with reference to the mental condition of the husband at the time of the marriage, and since, was not objectionable as in violation of Civil Code § 5858, par. 1. This testimony was not "a transaction or communication," with an insane person. Furthermore, the defendant had not been adjudicated to be insane; and there was evidence by other witnesses to the same effect as that testified to by the wife. The judge did not err in receiving the testimony of the wife.

"On application for temporary alimony, the merits of the cause are not in issue; though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Civil Code (1910), § 2979.

Under the pleadings and the evidence the judge did not err in his allowance of temporary alimony and attorney's fees.

*Judgment affirmed. All the Justices concur.*