## TILLMAN *v.* TILLMAN.

BELL, Justice. 1. "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Code, § 30-205. Nor will this court control the discretion of the judge in *allowing* temporary alimony and attorney's fees, "unless that discretion has been flagrantly abused." *Brown* .v. *Brown*, 159 *Ga.* 323 (125 S. E. 713).

2. In the instant case, the evidence did not demand a finding that the wife had abandoned her husband as contended by him (compare *Brisendine* v. *Brisendine*, 152 *Ga.* 745 (3), 111 S. E. 22; *Pace* v. *Pace*, 154 *Ga.* 712 (2), 115 S. E. 65; *Akin* v. *Akin*, 163 *Ga.* 18, 135 S. E. 402), and whether or not the evidence was sufficient to establish the cruel treatment as alleged in the wife's petition, on application of the foregoing principles the judge did not err, under the pleadings and the evidence, in awarding temporary alimony and attorney's fees, the reasonableness of which is not contested. *Pearson* v. *Pearson*, 125 *Ga.* 132 (54 S. E. 194); *George* v. *George*, 130 *Ga.* 608 (61 S. E. 401); *Walker* v. *Walker*, 177 *Ga.* 743 (171 S. E. 292).

*Judgment affirmed. All the Justices concur.*

No. 12649. FEBRUARY 16, 1939.

*Willis Smith,* for plaintiff in error.

*O. W. Roberts Jr.,* and *Boykin & Boykin,* contra.