## BULLOCH *v.* BULLOCH.

No. 12941. SEPTEMBER 15, 1939.

*A. J. Whitehurst* and *John P. McKinley,* for plaintiff.

DUCKWORTH, Justice. Rex Bulloch filed suit for divorce against Metta Johnson Bulloch, alleging as grounds therefor coercion and cruel treatment, and further alleging that plaintiff owned no property. The defendant by answer and cross-bill denied the material allegations of the petition, and alleged that she loved the petitioner and was willing to resume their marital relations. She prayed for temporary and permanent alimony and for attorney's fees, alleging that the plaintiff was strong physically, and was earning $150 per month. On the hearing of the application for temporary alimony and attorney's fees, the evidence was in conflict. The plaintiff introduced evidence to the effect that the defendant deserted him voluntarily and without cause, evidence tending to show that the defendant had been guilty of immoral conduct, and evidence that he owned no property, and was employed at a salary of $60 per month, which was barely sufficient to provide his own living and to meet payments on debts he had incurred in defending himself against

prosecutions brought against him by defendant and her family. Judgment was rendered, denying temporary alimony and attorney's fees. The defendant excepted.

The judge is authorized, in the exercise of his discretion, to deny temporary alimony and attorney's fees where there is evidence that the wife voluntarily and without cause abandoned and refused to live with her husband. *Vinson* v. *Vinson,* 94 *Ga.* 492 (19 S. E. 898) ; *Pearson* v. *Pearson,* 125 *Ga.* 132 (54 S. E. 194) ; *Coley* v. *Coley,* 128 *Ga.* 654 (58 S. E. 205) ; *Sikes* v. *Sikes,* 143 *Ga.* 314, 319 (85 S. E. 193) ; *Brisendine* v. *Brisendine,* 152 *Ga.* 745 (111 S. E. 22) ; *Grant* v. *Grant,* 184 *Ga.* 339 (191 S. E. 98) ; *Gaulding* v. *Gaulding,* 184 *Ga.* 689 (192 S. E. 724). He is authorized to deny temporary alimony and attorney's fees where there is evidence that the separation between the husband and wife was caused by the adultery of the wife, uncondoned by the husband. *Williams* v. *Williams,* 114 *Ga.* 772 (40 S. E. 782) ; *Long* v. *Long,* 147 *Ga.* 771 (95 S. E. 676). In *Sikes* v. *Sikes,* supra, it was said: "Looking at the provisions of the different sections of the Code touching the duty of the husband to support the wife, and the methods of enforcing that duty if he fails to perform it, and construing the law so as to have a harmonious intent, we see that, if the husband and wife are separated, he is generally bound to furnish her necessaries, but that there are limitations upon this duty, and circumstances which will relieve him from liability to one who furnishes them, such as adultery by the wife, or voluntary abandonment of the husband by her without sufficient provocation. . . We further find that the old rule of granting temporary alimony in divorce cases almost as a matter of course has been considerably modified by the change in the law as to the property and right of married women; and that even the discretion of the judge in granting it may be declared to have been improperly used, under certain circumstances. The act of 1870 must be given a fair construction in its provision as to the granting of alimony where no divorce suit is pending. It was not intended to give an absolute right to the wife to obtain alimony in all cases of separation from her husband, regardless of the cause of the separation or of her own conduct. The trenchant statement of Judge McCay, 'that suits for divorce and alimony ought not to be encouraged' (*Hill* v. *Hill,* 47 *Ga.* 333), may well be borne in mind, if a wife deserts her husband without sufficient provoca-

tion." Since the adoption of the Code, § 30-205, the allowance of temporary alimony and attorney's fees can not be made as a matter of course. *Williams* v. *Williams, Coley* v. *Coley, Gaulding* v. *Gaulding,* supra; *Hall* v. *Hall,* 185 *Ga.* 502 (3) (195 S. E. 731). The judge has a right to consider the cause of separation. *Brim* v. *Brim,* 183 *Ga.* 749 (189 S. E. 846). The judge did not abuse his discretion in rendering judgment denying the prayer for temporary alimony and attorney's fees.

*Judgment affirmed. All the Justices concur.*