## LONG *v.* LONG.

No. 13547. FEBRUARY 13, 1941.

*F. M. Gleason,* for plaintiff in error. *S. W. Fariss,* contra.

REID, Chief Justice. Anna Stotts Long filed suit for divorce, temporary and permanent alimony, and attorney's fees. To a judgment awarding temporary alimony and attorney's fees the defendant excepted. He contends that the judgment should be reversed, first, because the evidence did not show that he had been guilty of any cruel treatment of the plaintiff, and did show that the plaintiff voluntarily and without cause deserted him; second, because the evidence showed that the marriage was never consummated by sexual intercourse; third, because the evidence showed that the plaintiff was impotent; and fourth, because the amount of the award is excessvie.

In granting or denying temporary alimony and attorney's fees to the wife pending a suit by or against her for divorce, the trial judge is vested with a sound legal discretion. Code, §§ 30-202, 30-203, 30-205. The evidence in the present case is not entirely satisfactory. It hardly disclosed such cruel treatment of the plaintiff as would have justified a verdict for divorce; yet it can not be said that her separation from the defendant was wholly unjustified

and amounted to a voluntary abandonment which would prohibit an award in her favor, under the rulings in *Vinson* v. *Vinson,* 94 *Ga.* 492 (19 S. E. 898); *Brisendine* v. *Brisendine,* 152 *Ga.* 745 (111 S. E. 22); *Perkerson* v. *Perkerson,* 157 *Ga.* 589 (122 S. E. 53); *Williams* v. *Williams,* 114 *Ga.* 772 (40 S. E. 782), and similar cases. Especially is this true since the evidence would authorize a finding that the separation was with the approval of and in accordance with defendant's desire. The Code, § 30-205, declares that "On application for temporary alimony, the merits of the cause are not in issue," and we do not understand that on such application, in order to authorize an award in her favor in the discretion of the judge, the plaintiff must develop her case as fully as would be necessary on the trial for divorce. We do not think that it can be said that the judge abused the discretion vested in him. *Webb* v. *Webb,* 165 *Ga.* 305 (140 S. E. 872); *Hood* v. *Hood,* 144 *Ga.* 112 (86 S. E. 218); *Waycaster* v. *Waycaster,* 150 *Ga.* 75 (102 S. E. 353). The parties appear to have lived together only slightly more than three weeks. They both testified that though several efforts were made they did not have sexual intercourse. The defendant contends that since there was no sexual intercourse the marriage was not consummated, and accordingly there was in fact no marriage on which to base an award of alimony. This position is untenable. Sexual intercourse is not essential to the consummation of a valid marriage. *Consensus, non concubitus, faciat matrimonium.* See *Askew* v. *Dupree,* 30 *Ga.* 173; *Nelms* v. *State,* 84 *Ga.* 466 (10 S. E. 1087, 20 Am. St. R. 377); *Lefkoff* v. *Sicro,* 189 *Ga.* 554 (6 S. E. 2d, 687); 18 R. C. L. 394.

The defendant contends also that the evidence showed the plaintiff to be impotent, and much of his argument is devoted to the establishment of the proposition that this fact renders the marriage void, entitling him to an annulment, rather than a divorce, and that accordingly there was no valid marriage on which to base an award of alimony. The proposition may or may not be sound; we do not decide. The premise on which it is based, to wit, that the evidence shows that the plaintiff is impotent certainly is not; and this is sufficient to dispose of the matter. Impotency denotes a state of permanent inability on the part of one of the parties to perform the complete act of sexual intercourse. 17 Am. Jur. 223, § 141. It is true that the defendant testified that "the plaintiff

was incapable of consummating the marriage relationship by intercourse," but it was not shown what the cause of this incapability was, and whether it was curable, incurable, accidental, or temporary. It might be inferred from the testimony of the plaintiff that the absence of sexual intercourse was perhaps due first to her maidenly reluctance and embarrassment and thereafter to the defendant's indifference. She testified: "Naturally I refused and made objections to having intercourse the first two or three times, but never resisted his efforts along that line. He then just quit, and made no further advances towards that feature."

The judge required the defendant to pay the sum of $5 per week, $2.50 of this amount to be applied to payment of $15 attorney's fees, and thereafter the entire amount to be paid to plaintiff. This amount was later reduced to $4 per week. The defendant admitted in his answer that he earned on an average $13 per week. It is clear that the award was not excessive.

*Judgment affirmed. All the Justices concur, Atkinson, P. J., specially.*

ATKINSON, Presiding Justice. I concur in the result but not in all that is said in the opinion, especially the citation therein of the case of *Lefkoff* v. *Sicro*, 189 *Ga.* 554 (supra). The decision in that case was not concurred in by all the Justices, and is not binding as a precedent. It is not the law, and neither is it necessary to a decision in this case.