## LYBRAND *v.* LYBRAND.

CANDLER, Justice. A wife filed a suit for divorce, temporary and permanent alimony, and attorney's fees. To the judgment awarding temporary alimony and attorney's fees, the husband excepted. He now contends that the judgment was erroneous and should be reversed, because the evidence introduced at the interlocutory hearing did not show that he had been guilty of the acts of cruelty upon which the suit was based, but did show that the separation was solely the result of an argument, voluntary and at the direction of the wife, and showed that they had cohabitated as husband and wife until the separation; and because the evidence showed that the amount of the award was excessive.

"On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Code, § 30-205. And this court will not control the discretion of the judge in awarding temporary alimony and attorney's fees "unless there is a manifest abuse of discretion." *Webb* v. *Webb,* 165 *Ga.* 305 (140 S. E. 872); *Brown* v. *Brown,* 159 *Ga.* 323 (125 S. E. 713); *Rigdon* v. *Rigdon,* 174 *Ga.* 903 (164 S. E. 677). It was alleged in the wife's petition that the cause

of separation was due to the "extreme cruelty" of the husband, in that he "continuously harassed, fussed at, and abused" her to such an extent that it affected her health, requiring her to be under the care of a physician. She testified in part that "My husband fussed continually all the time, and if for nothing else, he would start complaining about everything I did, what I cooked, how I cooked." While the other evidence concerning the alleged acts of cruelty and cause of separation was conflicting and self-contradictory, it did not demand a finding that the wife voluntarily abandoned her husband, which would prohibit an award to her (*Vinson* v. *Vinson*, 94 *Ga.* 492, 19 S. E. 898; *Tillman* v. *Tillman*, 187 *Ga.* .567, 1 S. E. 2d, 676; *Acree* v. *Acree*, 201 *Ga.* 359, 40 S. E. 2d, 54); and, whether or not the evidence introduced at the interlocutory hearing was sufficient to establish the cruel treatment as alleged in the petition, we cannot say that there was a "manifest abuse of discretion" in the judgment allowing the temporary alimony and attorney's fees. *Long* v. *Long,* 191 *Ga.* 606 (13 S. E. 2d, 349); *Hightower* v. *Hightower,* 202 *Ga.* 643 (44 S. E. 2d, 116). Whether the wife condoned the alleged acts of cruelty is peculiarly a matter of defense in a trial of the case on its merits. Code, § 30-109.

On the question of excessiveness of the award, the judge required the husband to pay $10 per week as temporary alimony and $75 as attorney's fees, the latter amount to be paid in bi-weekly instalments of $10 each. The wife testified that she earns $20 per week, and that her husband, as an employee at the Oliver General Hospital, earns 97 cents an hour, plus overtime. The husband testified that he earns, after deductions, $35.10 per week. Under this conflicting evidence, we cannot say that the award was excessive. Code, § 30-203; *Mills* v. *Mills,* 150 *Ga.* 782 (105 S. E. 357); *Smith* v. *Smith,* 154 *Ga.* 702 (115 S. E. 73); *Moody* v. *Moody,* 193 *Ga.* 699 (7) (19 S. E. 2d, 504).

*Judgment affirmed. Duckworth, Chief Justice, Atkinson, Presiding Justice, Head and Groves, Justices, and Virlyn Moore, Judge, concur. Wyatt, Justice, dissents.*

No. 16322. SEPTEMBER 16, 1948.

*Hammond, Kennedy & Sanders,* for plaintiff in error.
*Clarence L. Powell,* contra.