20176. CHAMBLESS *v.* CHAMBLESS.

ARGUED SEPTEMBER 10, 1958—DECIDED OCTOBER 10, 1958.

*Leonard James Hanna,* for plaintiff in error.

CANDLER, Justice. Harold R. Chambless brought an action for divorce against his wife, Carolyn L. Lundy Chambless, alleging cruel treatment as his ground therefor. The petition shows that the parties have two children, ages 10 and 3, who are in the custody of the defendant, and that the plaintiff has a furnished home. The defendant's answer averred that the plaintiff deserted her and their two children because of his infatuation for another woman and that, because of her ill health, she is unable to work. She prayed for temporary and permanent alimony, custody of the children, and for title to the home. A rule nisi issued requiring the plaintiff to show cause why he should not be required to pay temporary alimony and attorney's fees. On the hearing the court awarded $45 per week as temporary alimony for the support of the defendant and their two minor children; $12.50 per week for twelve weeks as fees for the defendant's attorney; required the plaintiff to pay monthly instalments due on the home, amounting to $89; to pay the defendant's monthly utility bills of approximately $25, and the taxes. To this judgment the

plaintiff excepted on the ground that the amounts awarded were excessive.

The evidence adduced on the hearing for temporary alimony showed that the only income the plaintiff had was his salary of $127.59 per week; that his income taxes, etc. amount to $19.19 per week; that he originally owed $1,052.85 in debts, but much of this has been paid off since he has for some time made substantial weekly payments thereon; that he owns an equity in his home, but his evidence does not show the amount he has paid on the purchase price; and that he owns an automobile, the value of which is not shown by the record. The weekly payment of alimony, the instalment on the home and the utility bills amount to approximately $71.32 per week, in addition to $12.50 per week for twelve weeks as attorney's fees. Considering his income and the property he owns, it appears that the award of temporary alimony was liberal; nevertheless this court has no right to control the trial judge's discretion respecting the award unless there is a manifest abuse of it, and we do not think the evidence shows such an abuse; and this is especially true since the court has power to reduce the amount awarded should the circumstances render such action proper. Code § 30-204; *Drake* v. *Drake,* 182 *Ga.* 324 (185 S. E. 327) ; *Taylor* v. *Taylor,* 189 *Ga.* 110 (2b) (5 S. E. 2d 374) ; *Lybrand* v. *Lybrand,* 204 *Ga.* 312 (49 S. E. 2d 515).

*Judgment affirmed. All the Justices concur.*