## FULLER *v.* FULLER.

1. Testimony tending to show that a defendant had endeavored to suborn a witness is inadmissible in the absence of any proof showing that such improper conduct had relation to the case on trial.
2. It is not, in order to prove "habitual intoxication" on the part of the respondent in a libel for divorce, essential to show that he was constantly and continuously drunk.
3. It is not cruel treatment to charge a wife with unchastity if she has been guilty thereof.
4. A husband is not bound to support his wife if she abandons him without just cause.
5. Though a libel for a divorce charging the respondent with conduct such as would in law authorize a divorce may be defeated by showing that the libelant was guilty of "like conduct," the court should not, in the trial of such a cause, submit to the jury the question whether or not improper conduct on the part of the libelant "justified" the respondent in being guilty of conduct of the same kind. The question of justification is not involved in such a trial.

Submitted May 30, — Decided July 22, 1899.

Libel for divorce. Before Judge Smith. Clayton superior court. September term, 1898.

*Arnold & Arnold* and *Watterson & Kimsey*, for plaintiff.

*Rosser & Carter, C. T. Roan,* and *W. M. Wright,* for defendant.

Lumpkin, P. J.   This was a libel for a divorce, the grounds of which were adultery, habitual intoxication, and cruel treatment.   The jury found for the respondent.   There was a motion for a new trial, presenting the questions discussed below.

1. The libelant offered testimony tending to show that at a particular time and place the respondent had endeavored to suborn a witness and induce him to swear falsely in some case to be thereafter tried.   It was not, however, shown affirmatively that this alleged improper conduct on the part of the respondent had relation to the divorce case, nor did it appear that there was no other case in which he was interested and in which this witness was expected to testify.   Undoubtedly, conduct such as an attempt to suborn a witness in a given case can be legitimately proved against the guilty party at the trial thereof.   *Georgia Railroad* v. *Lybrend*, 99 *Ga.* 421, and cases there cited.   But the bad conduct must have relation to the identical case under investigation; for it would be an exceedingly dangerous thing to allow the rights of a party in one case to be affected by proof of his misconduct with respect to any other case or transaction.

2. Complaint is made of the following charge of the court: "In reference to the question of habitual intoxication, gentlemen of the jury, I charge you this: that in order for her to recover upon this ground, it would be necessary for you to believe from the evidence that he was an habitual drunkard, that he was habitually intoxicated.   Habitual means continuous; it means an acquired habit; it means constant intoxication, gentlemen of the jury.   I charge you that if you believe from the evidence that the defendant only occasionally became intoxicated, that only on a few occasions he was intoxicated, I charge you that would not amount to habitual intoxication." We do not altogether agree with his honor as to the definition he gave of the term "habitual" as used in section 2427 of the Civil Code.   We are of the opinion that he charged too strongly against the libelant in this connection; for we do not understand the law to be that, in order to show that a man has been guilty of "habitual intoxication," it is necessary to prove that he was continuously and constantly drunk.

3. The court further charged the jury:   "If you believe

from the evidence in this case that notwithstanding the defendant may have accused his wife, who is the plaintiff, of criminal intimacy with another man, and you believe that to be true, I charge you he would be justified, provided you find that that was true." The meaning of this charge, as the judge evidently intended it to be understood by the jury, was that it was not cruel treatment to charge the wife with an offense of which she had been guilty. In this sense the instruction was correct, but it might have been more clearly stated. If the jury derived the impression that the respondent was "justified" in being guilty of bad conduct because of the wife's guilt, they were misled.

4. Exception is also taken to the following charge: "If you find from the evidence that she refused to go with him, and abandoned him, and refused his support and maintenance, why then, gentlemen of the jury, I charge you that he would be justifiable in not supporting and maintaining her, as far as that is concerned." Obviously, this instruction was inaccurate, in that it lacked the qualification pointed out in the fourth headnote.

5. The only remaining ground of the motion for a new trial which requires notice is one alleging that the court erred in charging: "If you find, gentlemen of the jury, that the plaintiff is guilty of like conduct with which she charges the defendant, why then you would look and see whether or not he would be justified in any conduct that may be alleged against him, or may be proven against him,—whether or not he would be justified in it." Section 2429 of the Civil Code declares that if the libelant in a divorce case "was consenting" to the conduct of the opposite party constituting the ground of the libel, "or if both parties have been guilty of like conduct," then no divorce shall be granted. Under this section a libel for a divorce may be defeated by showing that the libelant has been guilty of the same kind of improper conduct charged against the respondent, but the question of the justification of either is in no sense involved. Indeed, no man or woman can ever be "justified" in being guilty of conduct which the law makes a ground for divorce.

*Judgment reversed. All the Justices concurring.*