him in his hands at the time of the service of the summons or since, and praying that he be allowed to so answer. *Held,* that the court did not err in refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*
APRIL 12, 1916.

Petition for injunction. Before Judge Gilbert. Harris superior court. July 9, 1915.

*McLaughlin & Shanks* and *Hatcher & Hatcher,* for plaintiff.
*A. P. Persons,* for defendants.

---

WILLIAMS *v.* POSEY *et al.,* trustees.

BECK, J. Under the evidence in the case, the court did not err in refusing the injunction prayed.

*Judgment affirmed. All the Justices concur.*
APRIL 12, 1916.

Petition for injunction. Before Judge Cox. Worth superior court. September 18, 1915.

*Mark Tison* and *R. S. Foy,* for plaintiff.
*J. H. Tipton,* for defendants.

---

DAVIS *v.* DAVIS.

EVANS, P. J. Alimony should not be allowed to a wife who abandons her husband without just cause. *Fuller v. Fuller,* 108 *Ga.* 256 (33 S. E. 865). Where no divorce suit is pending and alimony is applied for because the husband and wife are living in a bona fide state of separation, on a hearing for temporary alimony it is an abuse of discretion to allow alimony to the wife, where it is admitted that the husband provided everything he could for his wife, and a fair analysis of the evidence discloses no cruel treatment of the wife by the husband, and shows that the wife refused to live with the husband because of mutual antipathy between him and the wife's mother, and that the husband had prepared a furnished home and asked the wife to come to it, who refused to do so, assigning as her reason that she no longer loved him and did not wish to go with him.

*Judgment reversed. All the Justices concur.*
APRIL 12, 1916.

Temporary alimony. Before Judge Pendleton. Fulton superior court. June 24, 1915.

*Tillou Von Nunes* and *Henry L. Graves,* for plaintiff in error.
*Albert Kemper, J. S. James,* and *J. R. Bedgood,* contra.