## DURHAM *v.* DURHAM (two cases).

1. This being a suit by a wife against her husband for permanent alimony, it being alleged that the husband and wife were living in a bona fide state of separation, the court did not err in excluding from evidence the testimony of a witness to the effect that prior to the separation of the husband and wife he made improvements on a house which was upon a farm belonging to the complainant, and that the same were paid for by the husband; there being nothing in the evidence, so far as appears from this ground of the motion for new trial, to show how long before the separation the improvements were made nor the value of the same.
2. The court did not err in refusing to permit a witness for the complainant to testify that at one time he went to the house of the defendant and shot at him. This evidence was offered for the purpose of showing the state of feeling of witness toward the defendant;

but it was not allowable to give testimony of particular events or particular acts upon the part of the witness, where he had not denied having unkindly feelings towards the defendant, but, rather, had indicated by his answers that his feelings towards him were not kindly.

3. Error is assigned upon the ruling of the court admitting in evidence a certain depreciatory remark set forth in the motion; but there is nothing in the ground of the motion to indicate to whom the witness referred as the person who made the remark quoted, nor to whom the person making the remark referred; and the court will not look to other parts of the record in order to make intelligible the assignment of error and to ascertain the materiality of the evidence.

4. The court did not err in admitting competent evidence to show what would be reasonable attorney's fees in the case, this being a suit for permanent alimony and attorney's fees.

5. There is no merit in the exception to the following charge of the court: "Now I charge you, gentlemen of the jury, to begin with, I will give you the rule that would entitle the plaintiff to recover." In view of the fact that in other portions of the charge the court properly instructed the jury that whether the plaintiff was entitled to recover at all or not was a question for them to determine from the evidence, under the instructions of the court, this charge was not likely to mislead the jury and cause them to believe "that the court intended for plaintiff to recover under the instructions he then proceeded to give them."

6. It is not error for the court to fail in his charge "to define the probative value of expert testimony on the question of disease and its communication, as charged in complainant's amendment, and as appears in the testimony of defendant."

7. The court erred in failing to give in the course of its instructions a definition of cruelty or cruel treatment, as those terms are defined in the law.

8. The failure of the court to define habitual drunkenness, in the absence of a written request to charge upon that subject, was not error. There is no such difference between the ordinary signification of this expression as derived from the definition given by lexicographers from the meaning of the expression in the law, as would cause the jury to fall into error upon this subject.

9. In view of the ruling which reverses the judgment of the court below and which has the effect of setting aside the verdict, it is unnecessary to pass upon the question made by the demurrer to the motion made by the defendant in the first case, who is plaintiff in error in the second case, to set aside so much of the judgment in the second case as awards attorney's fees.

Nos. 3533, 3534.  SEPTEMBER 25, 1923.

Alimony, etc.  Before Judge Irwin.  Douglas superior court. November 11, 1922.

*J. J. Barge,* for plaintiff in error.

*J. H. McLarty* and *J. S. James,* contra.

ATKINSON, J.  Mrs. Nodie Durham brought a suit for per-

manent alimony and attorney's fees, alleging that she and W. K. Durham, her husband, were living in a bona fide state of separation; that she had been forced to separate herself from the defendant, and declined to live with him as his wife, because of certain alleged acts of cruel treatment and habitual drunkenness upon the part of her husband. The defendant denied all the allegations as to cruel treatment and habitual drunkenness on his part; and further answered that he would be glad for his wife to return to his home and live with him. Upon the trial of the case evidence was submitted by both parties; and the jury, after the case was submitted under the charge of the court, returned a verdict for the petitioner, awarding her the sum of $900 as permanent alimony. The court thereupon entered a decree adjudging that the petitioner have and recover of the defendant the sum of $900 principal, and interest from a stated date; and in the decree it was adjudged that the petitioner recover of the defendant $300 for attorney's fees. The defendant made a motion for a new trial. which was overruled, and he excepted.

1-6. The rulings made in headnotes 1 to 6 require no elaboration.

7. Another ground of the motion for new trial assigns error upon the failure of the court to give to the jury " any legal definition of cruelty, by which they might judge the legal standard set up by the court, and left them purely to be governed by their own imaginations of what cruelty the law would consider sufficient to drive a wife from her husband's home." We are of the opinion that the court erred in failing to give instructions to the jury as to what would constitute such cruelty or cruel treatment as would justify the wife in leaving her husband's home and thereby bring about a state of separation so as to entitle her to permanent alimony. Instructions upon this subject are of prime importance in a case of this character. Where a suit is brought for divorce upon the ground of cruel treatment, or where suit is brought for permanent alimony, in case the husband and wife are living in a bona fide state of separation, and she complains that she was compelled to leave her husband's home on account of cruel treatment, the most important part of the court's instructions must necessarily relate to the character of the acts and the conduct on the part of the husband which the jury would be authorized to

find amounted to cruel treatment as defined by the law upon that subject; and we do not find a single word in the charge which laid down for the jury a standard by which they should be guided in their effort to determine whether the acts upon the part of the husband amounted to cruel treatment, as that expression is to be understood by the jury in their investigation of charges like those made in the complainant's suit. Certain of the witnesses testified to acts on the husband's part which might be regarded as cruelty or cruel treatment under the general definition of that term, as given by lexicographers, but which would not amount to cruel treatment under the definition to be found in the law. Whether there were acts of cruel treatment upon the part of the husband that caused the separation of husband and wife was a controlling issue in this case; it was one as to which instructions were required. Many acts upon the part of a husband in the presence of his wife, or towards her, might, under the general definition of cruelty as found in the dictionaries, be regarded as cruel treatment, while those acts could not be considered as grounds for divorce or as grounds upon which the wife would be justified in leaving her husband. Cruel treatment which would justify a wife in leaving her husband and living in a state of separation from him, while he is willing to have her come back to his home and live with him, should have the same definition as the cruel treatment which would afford grounds for divorce. Unless we adopt that definition, we know of no other that could be applied in a case of this kind. In the case of *Davis* v. *Davis,* 145 *Ga.* 56 (88 S. E. 566), it was said: "Where no divorce suit is pending, and alimony is applied for because the husband and wife are living in a bona fide state of separation, on a hearing for temporary alimony it is an abuse of discretion to allow alimony to the wife, where it is admitted that the husband provided everything he could for his wife, and a fair analysis of the evidence discloses no cruel treatment of the wife by the husband, and shows that the wife refused to live with the husband because of mutual antipathy between him and the wife's mother, and that the husband had prepared a furnished home and asked the wife to come to it, who refused to do so, assigning as her reason that she no longer loved him and did not wish to go with him." And in the case of *Fuller* v. *Fuller,* 108 *Ga.* 256 (33 S. E. 865), it was held that "A husband is not bound

to support his wife if she abandons him without just cause." The term " cruel treatment " is used in the *Davis* case, supra, without definition. It seems to be assumed that the term is well under-stood as used in the law; and there is no suggestion that where the petition is one for alimony and not for divorce, and cruel treat-ment is relied upon as justifying the wife in separating from her husband, it has any other definition than that given in divorce cases. There are several cases in which cruel treatment is de-fined. In the case of *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878), it was said: " ' Cruel treatment,' within the meaning," of the Civil Code, § 2427, which provides that such treatment shall be ground for divorce, is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health. *Odom* v. *Odom,* 36 *Ga.* 286, approved and followed. *Gholston* v. *Gholston,* 31 *Ga.* 625, and *Myrick* v. *Myrick,* 67 *Ga.* 771, doubted, criticised, and distinguished." And in the course of the opinion the following excerpt from the case of Evans *v.* Evans, 4 Eng. Ecc. Rep. 310, was quoted approvingly: " The causes must be grave and weighty, and such as show an absolute impossibility that the duties of the married life can be discharged. In a state of personal danger no duties can be discharged; for the duty of self-preservation must take place before the duties of marriage, which are secondary both in commencement and in obligation; but what falls short of this is with great caution to be admitted. . . What merely wounds the mental feelings is in few cases to be ad-mitted, where they are not accompanied with bodily injury, either actual or menaced. Mere austerity of temper, petulance of manners, rudeness of language, a want of civil attention and ac-commodation, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to legal cruelty; they are high moral offenses in the moral state undoubtedly, not innocent surely in any state of life, but still they are not that cruelty against which the law can relieve." See also *Dougherty* v. *Dougherty,* 153 *Ga.* 487 (112 S. E. 454), *Brown* v. *Brown,* 129 *Ga.* 246 (58 S. E. 825), and other cases not here specifically referred to, but cited in these cases. A reading of these cases will make it plain that where permanent alimony is sought, as in this case, or in a suit for divorce, instructions upon the subject of cruel treatment are required.

8. No argument nor citation of authorities is necessary to support the ruling made in the eighth headnote.

9. In the bill of exceptions in the second case (No. 3534), error is assigned upon the ruling of the court sustaining the demurrer to the petition of the defendant in the first case to set aside the judgment in so far as it awards the sum of $300 as attorney's fees in favor of the plaintiff in the first case. But it is unnecessary to pass upon the merits of the motion or the assignment of error on the ruling just stated, because, having reversed the judgment of the court below on the ground that it erred in refusing a new trial, the verdict of the jury in the first case is set aside, and this carries with it the entire decree, which included the judgment for attorney's fees. The bill of exceptions, therefore, is dismissed in the second case.

*Judgment reversed in No. 3533. Writ of error dismissed in No. 3534. All the Justices concur.*