## HUDSON v. HUDSON.

No. 13039. NOVEMBER 14, 1939. REHEARING DENIED DECEMBER 5, 1939.

*L. L. Meadors* and *Lovejoy & Mayer,* for plaintiff.
*Wyatt & Morgan,* for defendant.

DUCKWORTH, Justice. H. F. Hudson sued Mrs. Mary R. Hudson for total divorce, alleging that they were married on November 28, 1908, had no children; and that neither party owned any property, and that the defendant had wilfully and continuously deserted the plaintiff for more than three years before the filing of the petition. The defendant filed an answer and cross-bill, denying the allegations of desertion, alleging that the plaintiff had been guilty of cruel treatment, and praying for a total divorce and temporary and permanent alimony. On the trial the evidence was in conflict as to the allegation of wilful and continuous desertion. The evidence did not support the allegation of cruel treatment. It showed that because of physical infirmities the plaintiff was without employment, was unable to work; and that his only income was $82.50 per month retirement pay from the United States Navy, which income was inadequate to support the plaintiff and pay for his sickness, and had to be supplemented by borrowing money for these purposes; and that the defendant had good health, was employed at $14 per week, and was due to receive an inheritance of one thousand dollars. The verdict granted to the plaintiff a total divorce, and awarded to the defendant $25 per month permanent alimony. A motion for new trial was overruled, and the plaintiff excepted.

One ground of the motion for new trial assigns error on the court's charge that if the jury found in favor of the plaintiff on his petition for a total divorce, they would then consider all the facts and circumstances and in the exercise of their discretion grant

permanent alimony to the defendant. A decision on the question presented by this assignment requires a consideration of the grounds, upon which each party sought a divorce. The petition alleged wilful desertion; and while it attempted to allege cruel treatment, the allegations were insufficient to authorize a divorce on this ground; and the defendant's cross-action alleged cruel treatment as ground for divorce. Therefore the verdict described in the charge would constitute an adjudication that the plaintiff had not mistreated the defendant, and that the defendant had wilfully and without cause abandoned the plaintiff. Such a finding of fact would place full responsibility for the separation on the defendant, and would exonerate the plaintiff of any fault whatsoever. But the charge complained of would mean that despite the faultless conduct of the plaintiff, and the misconduct of the defendant, the law will authorize an award of permanent alimony to her. Such a principle of law would necessarily depend for support upon the theory that the wife is entitled to permanent alimony as a matter of course, and without regard to her misconduct or the exemplary conduct of the husband. Alimony in any form is simply a support for the wife, supplied by the husband, and it rests entirely upon the law requiring the husband to support his wife. It makes no difference what this support is called, whether "temporary alimony" as in the Code, § 30-202, or "permanent alimony" as in § 30-210, or "necessaries" as in § 53-508. It is the same thing, and intended for the same purpose in each instance. Since that purpose is the support of the wife, is it not logical that if the law will withhold it because of her "wilful desertion" in one case, it will withhold it because of her wilful desertion in every case? In *Williams* v. *Williams*, 114 *Ga.* 772 (40 S. E. 782), it was ruled that while formerly temporary alimony was allowed as a matter of course, the Code, § 30-205, changed that rule, and it is now the law that on an application for temporary alimony the merits of the controversy may be considered, and the judge is authorized to deny alimony altogether. It was held that the wife should be denied temporary alimony where the uncontradicted evidence showed that she had been guilty of adultery. See also *Coley* v. *Coley*, 128 *Ga.* 654 (58 S. E. 205) ; *Gaulding* v. *Gaulding*, 184 *Ga.* 689 (192 S. E. 724) ; *Hall* v. *Hall*, 185 *Ga.* 502 (3) (195 S. E. 731). This court has repeatedly held that when the wife has wilfully deserted her hus-

band it is error to award her temporary alimony. *Brisendine* v. *Brisendine,* 152 *Ga.* 745 (3) (111 S. E. 22); *Pace* v. *Pace,* 154 *Ga.* 712 (115 S. E. 65); *Perkerson* v. *Perkerson,* 157 *Ga.* 589 (122 S. E. 53). Judgment on the application for temporary alimony is rendered at a stage of the case where the jury (who by our law are the arbiters of all issues of fact) have not decided the facts in the case and have not determined which party is at fault. If wilful desertion by the wife demands a denial of temporary alimony in such a judgment, then to allow her permanent alimony in the same case after a jury has determined that the facts show she is guilty of the identical wrong for which she was denied temporary alimony would be an inconsistency that could not be justified. Considering now the Code, § 53-508, wherein it is declared that if the wife voluntarily abandons the husband without sufficient provocation he is relieved of all liability for necessaries furnished her, it is apparent that the legislature in enacting this law intended that the husband should be relieved of all liability to support his wife if she wilfully abandoned him. If this rule is not applicable in cases of permanent alimony, a situation is presented where wilful abandonment by the wife will demand a judgment relieving the husband of all liability for necessaries furnished to her, where such wilful abandonment will demand a judgment relieving the husband of the payment of temporary alimony, but where, after the fact of the wife's wilful abandonment has been conclusively established by the verdict, a judgment for permanent alimony to the wife may be rendered against the husband, despite such wilful abandonment. Such conflicting rules in the law could not be justified, and will not be tolerated; and when the wife deserts her husband she will be denied support from him, by whatever name this support may be called, and regardless of the nature of the proceedings whereby it is sought.

But the defendant relies upon *Davis* v. *Davis,* 134 *Ga.* 804 (2) (supra), for support of her contention, and no doubt the judge based his charge on the ruling in that case. There Davis sued for divorce on the ground of wilful desertion, and his wife by way of cross-libel alleged desertion, cruel treatment, and adultery, and prayed for a divorce on these grounds, and for alimony. Exception was taken to the charge of the court that if the jury found a total divorce for the plaintiff they would not allow the defendant ali-

mony; and this court (Chief Justice Fish and Justice Atkinson dissenting) reversed the judgment for error in the charge excepted to. In the opinion it was recognized that as a general rule, when the husband obtains a divorce on the ground of wilful desertion, the wife shall not be allowed alimony, but it was asserted that this is not an inflexible rule; and by a recital of some of the facts and circumstances in the case it was sought to demonstrate that it was an exception to the general rule, because of the existence of equitable and humanitarian conditions and circumstances. These reasons and arguments fail to give full faith and meaning to the verdict in favor of the plaintiff upon his petition alleging wilful desertion. It was held in *Durham* v. *Durham*, 156 *Ga.* 454 (7), 457 (119 S. E. 702), that cruel treatment which would justify abandonment must be such as would entitle one to divorce. A verdict for divorce on the ground of wilful desertion constitutes a solemn adjudication that there are no humane or equitable facts and circumstances on the side of the wife and against the husband. The verdict establishes the truth of the facts in the case; and since the wife's separation from the husband is due entirely to her wilful and voluntary choice, the door is wide open for her return to her husband where she may receive such support as she is entitled to and as he is able to give. To allow her to continue in her wrong and at the same time favor her with alimony would violate the "golden rule" of equity which declares that he who would have equity must do equity. The decision in *Davis* v. *Davis*, supra, is in conflict with *Fuller* v. *Fuller*, 108 *Ga.* 256 (4) (33 S. E. 865), which declares that "A husband is not bound to support his wife if she abandons him without just cause," and *Williams* v. *Williams*, supra, both of which are full-bench decisions and are older and therefore controlling. It is also in conflict with a number of later decisions cited in this opinion, as well as the statutory law of the State. Therefore we will not follow the ruling made in that case, and the same is hereby overruled. The Code, § 6-1611, applies to cases where all the Justices concur, and not to cases where there are dissents.

For the jury to have returned a verdict in favor of the plaintiff for divorce and against the defendant on her cross-libel for divorce, and then award permanent alimony to the defendant, they would necessarily have had to make conflicting constructions of the same evidence. Such a verdict would have held that in one instance

the evidence showed the plaintiff blameless while in another he was at fault. It would have thus constituted irreconcilable findings on the same facts, and could not be allowed to stand. *Anthony* v. *Anthony,* 103 *Ga.* 250 (29 S. E. 923). The judgment excepted to was error. Since the matters complained of in other special grounds of the motion for new trial will not likely occur on another trial, no ruling is now made thereon; and since the evidence on another trial may be different, no ruling is made on the grounds bringing in question the sufficiency of the evidence.

*Judgment reversed. All the Justices concur.*