## MULLIKIN v. MULLIKIN.

BELL, Chief Justice. 1. Cruel treatment, as ground for divorce under the Code, § 30-104, "is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health." *Ring* v. *Ring*, 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878).

2. "Cruel treatment which would justify a wife in leaving her husband and living in a state of separation from him, while he is willing to have her come back to his home and live with him, should have the same definition as the cruel treatment which would afford grounds for a divorce." *Durham* v. *Durham*, 156 *Ga.* 454 (7), 457 (119 S. E. 702).

3. Alimony should not be awarded to a wife who abandons her husband without just cause. *Fuller* v. *Fuller*, 108 *Ga.* 256 (4) (33 S. E. 865). In this case, the testimony of the wife as given on the hearing of her application for temporary alimony and attorney's fees failed to show cruel treatment as defined above, and the evidence as a whole showed without dispute that she failed and refused to live with her husband in a home which he had provided for her, and that she did so without just cause. In these circumstances, the judge erred in requiring the husband to pay any sum to the wife as temporary alimony or attorney's fees. *Davis* v. *Davis*, 145 *Ga.* 56 (88 S. E. 566); *Brisendine* v. *Brisendine*, 152 *Ga.* 745 (111 S. E. 22); *Pace* v. *Pace*, 154 *Ga.* 712 (115 S. E. 65); *Perkerson* v. *Perkerson*, 157 *Ga.* 589 (122 S. E. 53); *Hudson* v. *Hudson*, 189 *Ga.* 410 (5 S. E. 2d, 912); *Carver* v. *Carver*, 199 *Ga.* 352 (34 S. E. 2d, 509).

4. Whether the testimony of the wife that she refused to live with her husband because she was pregnant and wanted to stay with her mother until after the child was born, so that her mother might help wait on her, and because it was more convenient for her to live "close in town" where she could go to the doctor, might have been sufficient to show a desire on her part to live with her mother only temporarily, on account of her condition, and whether such a temporary separation from her husband would have been justified under the reasons given, if nothing else had appeared (*Pace* v. *Pace*, 154 *Ga.* 712 (2)), yet the fact that the suit for divorce and alimony was filed without further cause for separation (so far as shown) precludes any inference favorable to the wife upon either of such issues.

5. The Code, § 30-205, declaring that on application for temporary alimony the merits of the cause are not in issue, does not authorize the

judge to award the wife temporary alimony or attorney's fees where it appears *without dispute* that she abandoned her husband and refuses to live with him without just cause. Compare *Barnett* v. *Barnett*, 191 *Ga.* 501, 502 (4) (13 S. E. 2d, 19). Nothing to the contrary was held in either of the following cases cited by the defendant in error: *Dillard* v. *Dillard*, 182 *Ga.* 779 (187 S. E. 16); *Long* v. *Long*, 191 *Ga.* 606 (13 S. E. 2d, 349).     *Judgment reversed. All the Justices concur.*

No. 15468.   MAY 8, 1946.

640

*Earl W. Butler,* for plaintiff in error.   *F. L. Clements,* contra.