## ACREE v. ACREE.

No. 15599. OCTOBER 9, 1946.

*Frank S. Twitty* and *O. B. McElvey*, for plaintiff in error.

*S. P. Cain* and *Robert B. Culpepper Jr.*, contra.

HEAD, Justice. (After stating the foregoing facts.) "Permanent alimony shall be granted in the following cases: 1. In cases of divorce, as considered in Chapter 30-1. 2. In cases of voluntary separation. 3. Where the wife, against her will, shall either be abandoned or driven off by her husband." Code, § 30-210. In this case the wife alleges: "Defendant, without any just cause, abandoned your petitioner and from that time until the present has continued to reside apart from her, and petitioner and defendant are now living in a bona fide state of separation." Her petition does not contain any prayer for divorce and is therefore based on divisions 2 and 3 of the above Code section, and on § 30-213.

Section 30-205 provides that, on an application for temporary alimony, the merits of the cause are not in issue, but the court may inquire into the cause and circumstances of the separation. Where, as here, the court hears testimony at length of both the plaintiff and defendant, and such testimony, without conflict or dispute, completely negatives the allegations of the wife's petition that she was abandoned by the husband, or that such separation is voluntary on the part of the husband, and on the contrary, such testimony establishes without dispute that the wife abandoned the husband without just cause, it is the duty of the court to deny temporary alimony and attorney's fees.

In *Sikes* v. *Sikes,* 143 *Ga.* 319 (85 S. E. 193), it was held: "If the husband and wife are separated, he is generally bound to furnish her necessaries, but there are limitations upon this duty, and circumstances which will relieve him from liability to one who furnishes them, such as . . voluntary abandonment of the husband by her without sufficient provocation." See also *Fuller* v. *Fuller,* 108 *Ga.* 256 (33 S. E. 865) ; *Davis* v. *Davis,* 145 *Ga.* 56 (88 S. E. 566) ; *Brisendine* v. *Brisendine,* 152 *Ga.* 745 (111 S. E. 22) ; *Pace* v. *Pace,* 154 *Ga.* 712 (115 S. E. 65) ; *Durham* v. *Durham,* 156 *Ga.* 454, 457 (7) (119 S. E. 702) ; *Perkerson* v. *Perkerson,* 157 *Ga.* 589 (122 S. E. 53) ; *Hudson* v. *Hudson,* 189 *Ga.* 410 (5 S. E. 2d, 912) ; *Carver* v. *Carver,* 199 *Ga.* 352 (2) (34 S. E. 2d, 509) ; *Mullikin* v. *Mullikin,* 200 *Ga.* 638 (38 S. E. 2d, 281).

In her testimony before the trial court, the defendant in error undertook to explain her refusal to live with the plaintiff in error, in his home in Camilla, by saying that she had a contract that they were not to live there. She testified later that after the suit was filed her husband told her that she could live anywhere she wanted to, and that they made an agreement to live with her father, she stating that they would have to buy some furniture, which she testified the husband had bought at a cost in excess of $400. She then precluded any right of recovery for herself in this action with the statement: "I would not let him come and live with me because he had only bought the furniture and had not made a deed to his property." Whether or not the wife's frequent statements in her testimony that the husband was to make her "secure" in his property would support an action by her under the Code, § 53-401, is not here involved. Such statements and promises by the husband, if made and not complied with, do not amount to "cruel treatment," and would not authorize abandonment of the husband by the wife.

Able counsel for the defendant in error recognize and quote the rule stated by this court recently in *Mullikin* v. *Mullikin,* supra, as follows: "The Code, § 30-205, declaring that on application for temporary alimony the merits of the cause are not in issue, does not authorize the judge to award the wife temporary alimony or attorney's fees where it appears without dispute that she abandoned her husband and refuses to live with him without just cause." Counsel undertake to distinguish the *Mullikin* case from the present case on its facts. In the *Mullikin* case the husband did have to earn a living, while here the husband is not dependent on employment. The question at issue here, however, is not the financial standing of the husband, but whether or not the wife is justified in her position. In the *Mullikin* case the wife gave as her reason for not going with, and living with her husband, the fact that she was pregnant, that she wanted the care of her mother, and to be near the doctor of her choice. This was held not sufficient justification for the abandonment of the husband by the wife, in her refusal to go to the home which he had provided and to live with him. In the present case the wife gave as her reason for refusing to live with her husband in his home in Camilla her statement that they had contracted not to live in Camilla; and, as to her refusal to allow

him to live with her under an agreement made after the suit was filed, we have her statement that "He had only bought the furniture and had not made a deed to his property." The skilful argument of counsel is set at naught by the testimony of his client.

Shakespeare's line that "Maids want nothing but husbands, and when they have them they want everything," may, or may not, be supported .by the testimony of the wife in this case. However, rules of law applicable to actions by the wife for alimony preclude any recovery by the wife when the undisputed testimony shows that she abandoned her husband without just ·cause.

*Judgment reversed. All the Justices concur.*