CRUTE *v.* CRUTE.

No. 17700. SUBMITTED JANUARY 17, 1952—DECIDED FEBRUARY 12, 1952.

*O. C. Hancock* and *D. W. Rolader,* for plaintiff.

*Marvin G. Russell* and *Turner Paschal,* for defendant.

HEAD, Justice. "Counsel fees for representing a wife in an application for permanent alimony are allowable by the judge as expenses of litigation, as temporary alimony is allowed." *Knox* v. *Knox,* 139 *Ga.* 480 (77 S. E. 628), and cases cited.

The plaintiff in this case contends that, since the jury awarded the plaintiff a total divorce on the ground of desertion, the trial judge erred in awarding any additional amount to counsel for the defendant as attorney's fees. We recognize the rule insisted upon by counsel, that, where the wife abandons the husband without just cause, such abandonment will defeat a recovery by the wife of alimony and attorney's fees. *Pace* v. *Pace,* 154 *Ga.* 712 (115 S. E. 65); *Mullikin* v. *Mullikin,* 200 *Ga.* 638 (38 S. E. 2d, 281); *Acree* v. *Acree,* 201 *Ga.* 359 (40 S. E. 2d, 54).

In this case, there was an award of temporary alimony for the benefit of the minor children of the defendant, and attorney's fees in the amount of $75, as temporary alimony. The judgment here complained of resulted from an application by counsel for additional attorney's fees in connection with the wife's application for permanent alimony. The application or motion for additional attorney's fees was made prior to the verdict of the jury, and the judge reserved his judgment on the matter until after the verdict was returned.

Formerly our divorce law required: "The concurrent verdicts of two juries, at different terms of the court, shall be necessary to a total divorce." Code, § 30-101. Under the law as it then existed, a final verdict in favor of total divorce dissolved the marriage. *Burns* v. *Lewis,* 86 *Ga.* 591 (13 S. E. 123); *Mitchell* v. *Mitchell,* 97 *Ga.* 795, 797 (25 S. E. 385). The marriage having been dissolved by a second or final verdict, the trial judge was without authority to consider thereafter an application for temporary alimony.

Whether or not the amendment to our divorce law (Ga. L. 1946, pp. 90, 91; Code, Ann. Supp., § 30-101), which provides that the verdict or judgment for divorce shall not become final until the expiration of thirty days, would extend the power of the judge to consider questions pertaining to the allowance of temporary alimony made within the period of thirty days, need not here be decided. This question was not before the court in *Harrison* v. *Harrison,* 208 *Ga.* 70. (65 S. E. 2d, 173) where the application for temporary alimony was made long after the period required before the verdict becomes final.

The trial judge had the right to reserve his decision on the application for additional attorney's fees until after the finding

of the jury, and he was not precluded by the verdict from awarding additional attorney's fees, since his judgment related back to the time when the application was made. *Phillips* v. *Phillips,* 146 *Ga.* 61, 62 (90 S. E. 379); *Luke* v. *Luke,* 159 *Ga.* 551 (126 S. E. 374). It was not error to include the additional attorney's fees in the decree rendered upon the verdict of the jury fixing the rights of the parties.

The contention of the plaintiff that the judgment is erroneous because the trial judge did not have before him any testimony as to the value of the services performed, or to be performed, by counsel for the defendant, is without merit. *Sweat* v. *Sweat,* 123 *Ga.* 801 (51 S. E. 716); *Hobbs* v. *Hobbs,* 158 *Ga.* 571 (123 S. E. 891). There was no abuse of discretion by the trial judge in the award of additional attorney's fees under the facts of this case.

*Judgment affirmed. All the Justices concur.*