## 18518. ATHA v. ATHA.

SUBMITTED MARCH 8, 1954—DECIDED APRIL 14, 1954.

*A. M. Kelly, Wm. L. Preston,* for plaintiff in error.

*J. E. Briscoe, Jr.,* contra.

SUTTON, Justice. 1. The first special ground of the amended motion for new trial complains that the court erred in failing to give in charge to the jury any legal definition of cruel treatment, by which they might judge the character of acts that would be sufficient to drive a wife from her husband's home.

Where a suit is brought for permanent alimony, based on a bona fide state of separation under Code §§ 30-210, 30-213, and the wife complains that she was compelled to leave her husband's home on account of cruel treatment, the most important part of the court's instructions must necessarily relate to the character of the acts and the conduct on the part of the husband which the jury would be authorized to find amounted to cruel treatment. *Durham* v. *Durham,* 156 *Ga.* 454, 456 (7) (119 S. E. 702). A reading of the entire charge in the present case fails to show any standard by which the jury would be guided in their effort to determine whether the acts upon the part of the husband amounted to cruel treatment under the law of this State. It follows that the trial court erred in failing to instruct the jury as to what would constitute such cruel treatment as would justify the wife in leaving her husband's home and thereby bring about a state of separation so as to entitle her to permanent alimony.

2. Under the pleadings and evidence, there was no issue as to the husband being the head of the family, and the trial judge did not err, as complained of in the second special ground of the motion, in failing to charge the jury that the husband in this State is the head of the family, and as such has the right to fix the matrimonial residence without the consent of the wife.

3. The third special ground complains that the court erred in failing to charge the jury on the law as to when permanent alimony shall be granted. The judge instructed the jury: "Under our law alimony is an allowance out of the husband's estate made for the support of the wife when living separate from him. It is the duty of the husband in this State to support his wife, when living together and also when living separately, suitable and according to his ability and condition in life unless the wife has forfeited the claim she has on her husband for support by her own misconduct." If further instructions were desired as to when permanent alimony shall be granted, a timely written request therefor should have been made. This ground of the motion is without merit.

4. Since a new trial is granted on account of the failure of the trial judge to give to the jury any legal definition of cruel treatment, as ruled in division 1 of this opinion, and since the evidence may not be the same on another trial, it is not necessary to pass upon the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur.*