### 20935. HALL v. HALL.

MOBLEY, Justice. Mrs. F. S. Hall, Sr., brought a suit for permanent alimony, attorney's fees, and expenses of litigation against her husband, F. S. Hall, Sr., alleging that she and her husband were living in a bona fide state of separation, caused by the defendant's forcing her to leave their home by reason of his cruel and inhuman treatment of her, the details of which were alleged in the petition. The defendant denied the allegations as to cruel treatment, and alleged that his wife voluntarily and without just cause abandoned the home of the defendant and refused to reside with him. The jury awarded to the plaintiff certain described real estate and $25,000 in cash. The defendant excepted to the denial of his motion for new trial, based on the general and several special grounds. *Held:*

1. In special ground 3, the plaintiff in error complains of the failure of the trial court to give in charge to the jury a definition of cruel treatment as defined by the law, and says that, without a specific charge as to what the law defines as cruel treatment, the jury had no basis on which to determine what conduct constituted cruel treatment such as would justify the wife in abandoning her husband and would entitle her to alimony. The petition as amended alleges that the plaintiff and the defendant were married and lived together until February 28, 1957, "when they separated because of the cruel and inhuman treatment accorded to her by the defendant, which has driven her away from home"; that he cursed her and used profane and abusive language to her, got drunk practically every day, and has become a habitual drunkard; that he "has continued to nag, quarrel, find fault with, and criticize her, and has on numerous occasions told her that he got her out of the gutter and was going to leave her there"; that, on or about the day of the separation, the defendant told her to leave; that these acts were done wilfully on his part; that, by reason of this conduct, she was driven away from home; that they are now livin a bona fide state of separation; that it was detrimental to her health and unsafe for her to continue to live with the defendant under these conditions; and that the cause of the separation was the acts and conduct of the defendant as alleged. The defendant in his answer denied the acts of cruelty and habitual intoxication alleged by the plaintiff and contended that the plaintiff voluntarily and without cause abandoned the home of the defendant and refused to reside with him.

Code § 30-210 provides: "Permanent alimony shall be granted in the following cases: 1. In cases of divorce, as considered in Chapter 30-1. 2. In cases of voluntary separation. 3. Where the wife, against her will, shall either be abandoned or driven off by her husband." The plaintiff did not ask for a divorce; and the petition did not allege, nor was there any evidence of, a voluntary separation of the parties. The sole issue presented by the pleadings and evidence was whether the wife, against her will, was driven off by her husband, and, if so, the amount of alimony she should be awarded. The evidence of the wife was that she was forced to leave

her husband because she could not stand his treatment any longer; that she had a heart condition; that she had to leave him in order to live; that he called her vile names and "was always going to kick me out and run me off"; that he drank continually, there being seldom a night that he was not drunk; and that he cursed and abused her and was cruel to her in many ways. His testimony was that he did not give her any cause to leave, that she just left.

Although the judge charged on voluntary separation, and that, if the wife, against her will, was driven off by her husband or abandoned by him she would be entitled to alimony; that if the wife left or abandoned her husband without just cause, she would not be entitled to alimony, and that whether the conduct and actions of the defendant were sufficient provocation or just cause is a matter for the jury to determine in the light of all the evidence in the case—he did not define cruel treatment. "Where a suit is brought for divorce upon the ground of cruel treatment, or where suit is brought for permanent alimony, in case the husband and wife are living in a bona fide state of separation, and she complains that she was compelled to leave her husband's home on account of cruel treatment, the most important part of the court's instructions must necessarily relate to the character of the acts and the conduct on the part of the husband which the jury would be authorized to find amounted to cruel treatment as defined by the law upon that subject . . ." *Durham v. Durham*, 156 Ga. 454, 456 (7) (119 S. E. 702). The ruling there made is applicable here, for the plaintiff contended that she was driven away from home by reason of the cruel treatment of the defendant, and the court did not in its instructions give to the jury the definition of cruel treatment. Cruel treatment which would justify a wife in leaving her husband and living in a state of separation from him should have the same definition as the cruel treatment which would afford a ground for divorce. *Durham v. Durham*, 156 Ga. 454, 456 (7), supra. See also *Mullikin v. Mullikin*, 200 Ga. 638 (2) (38 S. E. 2d 281). The reading of the entire charge fails to show any standard by which the jury would be guided in their efforts to determine whether the acts on the part of the husband amounted to cruel treatment under the law of this

State such as would justify the wife in leaving her husband. In *Atha v. Atha,* 210 Ga. 540 (81 S. E. 2d 454), this court in a unanimous opinion in a case on all-fours with this case followed the ruling in *Durham v. Durham,* 156 Ga. 454, supra, and held that the court erred in failing to instruct the jury as to what would constitute such cruel treatment as would justify the wife in leaving her husband's home and thereby bring about a state of separation so as to entitle her to permanent alimony. See also *Mullikin v. Mullikin,* 200 Ga. 638 (2), supra, and *Mell v. Mell,* 190 Ga. 508, 512 (2) (9 S. E. 2d 756).

This court in *Powell v. Powell,* 199 Ga. 723 (35 S. E. 2d 298), in an opinion prepared by Justice Wyatt, held that it was not error for the trial judge to fail to define the meaning of the term "cruel treatment" in that case and distinguished it from the *Durham* case because, there, the wife was awarded alimony, whereas, in the *Powell* case, alimony was denied and the complaining party was the wife, who was not harmed thereby; because any definition of cruel treatment could not have enlarged the scope of the broad charge given in the *Powell* case; and because, in the *Durham* case, the court charged that, "If she was driven from her home by the cruel treatment of her husband as alleged, she would be entitled to such an amount as you think proper from the evidence," whereas, in the *Powell* case, the words "cruel treatment" were not used.

The court in the instant case, in charging the contentions of the parties, stated that the plaintiff contended that she and her husband separated because of the cruel and inhuman treatment accorded to her by the defendant, which drove her away from home, and that the defendant denied this and claimed that she left voluntarily and without cause abandoned his home and refused to reside with him. Under the allegations of the petition and the evidence in this case, the trial court erred in failing to instruct the jury as to what would constitute such cruel treatment as would justify the wife in leaving her husband's home and thereby bring about a state of separation so as to entitle her to permanent alimony.

2. In view of the ruling made in division 1, which necessitates another trial, it is not necessary to pass upon the other special grounds, which complain that the verdict is excessive,

as to the form of the verdict, and as to the charge that the parties had agreed on the property owned by the defendant, as none of these matters will likely occur on another trial.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 14, 1960—DECIDED JULY 7, 1960.

*Candler, Cox, McClain & Andrews, Barrett & Hayes, Asa W. Candler,* for plaintiff in error.

*Noah J. Stone,* contra.