21489.   BROWN v. BROWN.

ARGUED JANUARY 8, 1962—DECIDED FEBRUARY 13, 1962.

John L. Watson, Kemp & Watson, for plaintiff in error.

Albert Wallace, contra.

HEAD, Presiding Justice. The only fact relied upon by the plaintiff to justify abandonment of her husband is that, on the particular occasion testified to by her, he left their home after she had called to his attention that there was very little food in the house, and did not give her any money to purchase food or tell her that he would purchase it. The question is, whether or not the husband's conduct amounted to cruel treatment under our law so as to justify the wife in abandoning him.

Cruel treatment such as would justify a wife in leaving her husband and living in a state of separation from him should be the same kind of cruel treatment that would constitute grounds for a divorce. *Durham v. Durham*, 156 Ga. 454 (119 SE 702). Cruel treatment under our law is defined as "the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health." *Code Ann.* § 30-102 (10). If the conduct of the defendant in leaving the home without adequate food for the needs of the family could be classified as cruel treatment, it is the only occurrence of the kind testified to by the plaintiff, and it has long been the rule that one act of cruelty, not of a violent or serious character, standing alone, is not a sufficient ground for a divorce. *Phinizy v. Phinizy*, 154 Ga. 199 (2c) (114 SE 185).

Where a wife abandons a husband without just cause, she is not entitled to alimony. *Fuller v. Fuller*, 108 Ga. 256 (4) (33 SE 865); *Davis v. Davis*, 145 Ga. 56 (88 SE 566); *Brisendine v. Brisendine*, 152 Ga. 745 (111 SE 22); *Pace v. Pace*, 154 Ga. 712 (115 SE 65); *Durham v. Durham*, 156 Ga. 454, 457, supra; *Hunsicker v. Hunsicker*, 170 Ga. 294 (152 SE 581); *Fulenwider v. Fulenwider*, 188 Ga. 856, 866 (5 SE2d 20); *Hudson v. Hudson*, 189 Ga. 410, 413 (5 SE2d 912); *Mullikin v.*

*Mullikin,* 200 Ga. 638 (3) (38 SE2d 281); *Acree v. Acree,* 201 Ga. 359, 362 (40 SE2d 54); *Crute v. Crute,* 208 Ga. 724, 725 (69 SE2d 255); *Livingston v. Livingston,* 211 Ga. 420, 424 (86 SE2d 288); *Frankel v. Frankel,* 212 Ga. 643 (94 SE2d 728).

Since there was no testimony from which the jury could have found that the wife was justified in abandoning her husband, the judgment of the trial court denying the motion for new trial on the general grounds is reversed. This makes unnecessary any ruling on the alleged error of the court in the charge to the jury.

*Judgment reversed. All the Justices concur.*